# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1396 | **DATE** | 10/28/2010 |
| **CASE TITLE** | Rivas vs. Marcelo Hand Car Wash Inc., et al. | | |

**DOCKET ENTRY TEXT**

Defendants' motion to dismiss complaint is granted and the case is dismissed. Status hearing set for 11/4/10 is now vacated.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

    Plaintiff, who was employed by defendant as a car washer, brings this action for unpaid wages, damages, and other relief under § 207(a) of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. (the "FLSA") and the Illinois Minimum Wage Act, 820 ILCS §§ 105 et seq. On April 23, 2010, defendant moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(1), claiming that federal jurisdiction is lacking because defendant does not meet the statutory definition of an "employer," nor is plaintiff is entitled to individual coverage as provided by the statute. I ordered the parties to conduct limited discovery to ascertain whether the asserted defenses–which actually go to the merits of plaintiff's claim, rather than to jurisdiction, *see Rivera v. Heights Landscaping, Inc.*, No. 03 C 6428, 2004 WL 434214 (N.D. Ill. Mar. 5, 2004) (Nolan, MJ.) (noting that the Seventh Circuit has explicitly declined to decide whether the failure to satisfy FLSA's statutory definitions is a jurisdictional failing, but relying on persuasive authority to hold that such challenges test the merits of a claim, not the court's jurisdiction)–have merit. I now apply the summary judgment standard and conclude that defendant is entitled to judgment.

    To prevail on his § 207(a) claim, plaintiff must show "either that he was employed by an *enterprise* that is engaged in commerce, or produces goods for commerce, and has annual gross receipts of not less than $500,000, which is known as 'enterprise coverage'; or that *he* engaged in commerce or produced goods for commerce, which is known as 'individual coverage.'" *Jacoby v. Schimka Auto Wreckers, Inc.*, No. 10 C 1452, 2010 WL 3171515 at *2 (N.D. Ill. Aug. 11, 2010) (Leinenweber, J.) (original emphasis). Plaintiff limits his response to defendant's motion to the issue of individual coverage, apparently conceding that defendant's annual gross receipts are below the threshold required for enterprise coverage. Accordingly, to survive summary judgment, plaintiff must identify specific facts that would enable a reasonable jury to conclude that plaintiff "engage[d] in commerce or produce[d] goods for commerce as part of his employment." *Jacoby*, 2010 WL 3171515 at *3. The focus of the inquiry is on what plaintiff actually did in defendant's employ. *Kelley v.*

## STATEMENT

*Stevens Auto Sales*, No. 3:08-CV-261 JVB, 2009 WL 2762765 at *2 (N.D. Ind. Aug. 27, 2009) (Van Bokkelen, J.)

None of the facts revealed in discovery suggests that plaintiff "produced goods for commerce," so the only question is whether he was "engaged in commerce." It is undisputed that what plaintiff actually did as defendant's employee was to wash, vacuum, and dry cars; clean out garbage; and paint. All of these activities took place in Chicago. Plaintiff claims that summary judgment is nevertheless unwarranted because "defendants' employees" use the internet to market their services, and because "defendants' employees" engage in credit card transactions in the course of their employment. Notably, however, there are no facts to suggest that *plaintiff* was among the employees who engaged in these activities, and whether other employees may have done so is irrelevant to the issue of individual coverage.

Plaintiff also argues that because he "interact[ed] with vehicles and customers which very likely move[d] through interstate commerce," he is entitled to individual coverage under the FLSA. But, "[t]he test for determining whether an employee was engaged in commerce is whether the 'work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity.'" *Jacoby*, 2010 WL 3171515 at *3 (quoting *Mitchell v. C.W. Vollmer & Co.*, 349 U.S. 427, 429 (1955). "It is not enough that the employee's activities affect or indirectly relate to interstate commerce: they must be 'actually in or so clearly related to the movement of the commerce as to be a part of it.'" *Kelley*, 2009 WL 2762765 at *2 (quoting *McLeod v. Threlkeld*, 319 U.S. 491, 497 (1943)). In *Jacoby*, the court granted summary judgment for the defendant employer, declining to hold that the plaintiff employee, who towed vehicles within state boundaries and did not engage in any communication across state lines, had raised a genuine issue of material fact on the issue of individual coverage under the FLSA. Similarly in this case, plaintiff's local "handling" of vehicles is simply too far removed from interstate commerce to bring plaintiff within the scope of the statute as Congress intended it. *See Guzman v. Irmadan, Inc.*, 551 F. Supp. 2d 1368, 1371 (S.D. Fla. 2008) ("In enacting the FLSA, Congress did not intend to invoke the full scope of its commerce Clause power and regulate 'activities merely affecting commerce'") (citing *McLeod*, 319 U.S. at 497).

Having found that plaintiff's federal claim cannot survive summary judgment, I dismiss the complaint in its entirety.